```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MARSH & MCLENNAN AGENCY LLC,                                           :
                                                                       :
                               Plaintiff,                              :
                                                                       :    22 Civ. 8920 (JPC)
                -v-                                                    :
                                                                       :    ORDER
                                                                       :
DONALD DRENNAN WILLIAMS, JR., et al.,                                  :
                                                                       :
                               Defendants.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Marsh & McLennan Agency LLC ("MMA") initiated this action on October 19, 2022, Dkt. 1 ("Compl."), bringing claims for breach of contract, misappropriation of confidential information and trade secrets, breach of the duty of loyalty, and unfair competition against Defendants, *id.* ¶¶ 84-149. On January 20, 2023, Defendants moved to dismiss for lack of standing or, in the alternative, to compel arbitration and stay this action pending arbitration. Dkt. 28. Defendants have also moved to stay discovery pending the resolution of that motion. Dkt. 32 ("Stay Motion"). MMA opposes both motions. Dkts. 33, 35 ("Opposition").

MMA's claims against Defendants essentially allege that Defendants were former employees either of MMA itself, Compl. ¶ 6, or of one of MMA's subsidiaries, *id.* ¶ 21, and that in violation of their employment agreements and other duties, they solicited MMA's clients, took confidential information for their own purposes, and solicited MMA employees to join them upon those employees' own departure from MMA, *id.* ¶¶ 84-149. Defendants Donald Drennan Williams, Jr. and Phillip Andrew Blankenship initiated a Financial Industry Regulatory Authority ("FINRA") arbitration against two MMA subsidiaries, JSL Securities, Inc. and MMA Securities, LLC, as well as officers of those subsidiaries, Craig J. Reid and Kimberly Lynn Blackmore, on

October 28, 2022.  Dkt. 29-1 at 56-57, 68.  The statement of claim in that arbitration alleges that MMA forced the resignations of both Williams and Blankenship by interfering with their relationships with their own clients, who were not clients of MMA or its subsidiaries, in particular by attempting to force Williams and Blankenship to bring those clients in as clients of MMA's subsidiaries, and that MMA's subsidiaries improperly accepted commissions from Williams's and Blankenship's clients.  Dkt. 29-1 at 56-68.

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)."  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted).  In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess "the particular circumstances and posture of each case."  *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).  Courts generally consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay."  *Republic of Turkey*, 316 F. Supp. 3d at 677.

Beginning with the first factor, the parties disagree as to the breadth of discovery sought.  *See* Stay Motion at 1-2; Opposition at 1-2.  Defendants argue that discovery will encompass "communications between numerous individuals and entities over the course of at least five years, as well as significant third-party discovery."  Stay Motion at 1.  MMA responds that discovery would be "narrowly tailored" and will "encompass Defendants' communications with, and solicitation and servicing of, MMA's clients; Defendants' conduct in removing files from MMA's offices; revenues received with respect to any clients moved; [and] Defendants' communications with each other and other MMA employees regarding their respective resignations from MMA."

Opposition at 2.  MMA further denies stating that discovery would cover communications covering at least five years.  *Id.*  MMA acknowledges, however, that discovery would "include certain limited non-parties" though it states that "such discovery will also be narrowly tailored to Defendants' unlawful conduct."  *Id.*  Even assuming the parameters laid out by MMA, discovery would still be significant, and the Court determines that this first factor weighs in favor of a stay.

With respect to the second factor, the burden of responding to discovery, the parties also disagree.  Defendants argue that discovery in this case is particularly burdensome because the alternative would be the comparatively cost-saving discovery methods of arbitration.  Stay Motion at 1-2.  Defendants also argue that failure to grant a stay of discovery would deprive them of one of the benefits bargained for in an arbitration agreement.  *Id.* at 2.  MMA responds that discovery in this case would not be duplicative of discovery in arbitration because there is "no identity of claims or parties" between this action and arbitration—which of course maintaining its position that Defendants have no right to arbitrate.  Opposition at 2.  While it is true that the arbitration does not involve all of the Defendants, and involves MMA's subsidiaries rather than MMA itself, there is significant overlap between these two proceedings such that the arbitration has the potential to resolve disputes in this litigation, which could significantly narrow the scope of discovery here.  "While a stay of discovery pending the decision on a threshold arbitration issue is by no means automatic, it serves to help prevent duplicative and inefficient litigation."  *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (internal quotation marks and brackets omitted).  With this in mind, the Court determines that the burden of discovery on Defendants in this case weighs in favor of a stay.

Third, the Court acknowledges that MMA, the party opposing the stay, would suffer at least some prejudice from a stay because, as MMA argues, "memories of witnesses will fade and important documents may go stale."  Opposition at 2.  But such concerns are present in all

litigation, and the facts at issue in this dispute should largely relate to Defendants' mid-June 2022 departure from MMA. Compl. ¶ 1. Given that these events are fairly recent, the Court determines that the third factor weighs against a stay, though only slightly.

Finally, having reviewed the papers submitted by the parties thus far in connection with Defendants' motion to dismiss or to stay arbitration, and without prejudging that motion, the Court determines that the motion is sufficiently strong to counsel in favor of staying discovery.

Weighing all four factors together, the Court grants Defendants' motion to stay discovery pending the resolution of their motion to dismiss for lack of standing or, in the alternative, to compel arbitration and stay this action pending arbitration. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 32.

SO ORDERED.

Dated: February 27, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge