UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
MARSH & MCLENNAN AGENCY LLC,      :
                                                    :
               Plaintiff,                      :
                                                    :          22 Civ. 8920 (JPC)
           -v-                                   :
                                                    :             <u>ORDER</u>
DONALD DRENNAN WILLIAMS, JR. *et al.*,  :
                                                      :
              Defendants.                :
                                                    :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        On January 20, 2023, Defendants moved to dismiss for lack of standing, or in the alternative to compel arbitration or stay this case pending the outcome of another proceeding. Dkt. 28. As part of this motion, they submitted evidence in support of their argument that Plaintiff had not suffered an injury in fact and so lacked standing to pursue its claims. Dkts 29 at 10-16, 29-1; *see Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 628 F. Supp. 3d 501, 512 (S.D.N.Y. 2022) (on a motion to dismiss for lack of subject matter jurisdiction, "[c]ourts take the uncontroverted facts of the complaint as true, but '[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings'" (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)) (second alteration in original)). This material pertains to information and clients that Defendants allegedly took from Plaintiff, as well as to Defendants' current business activities. *See* Dkt. 29-1 ¶¶ 17-18.

        Because a finding that Plaintiff lacks standing to bring this action would deprive this Court of subject matter jurisdiction, the Court first determines the question of standing. *See Jiangsu Guotai Int'l Grp. Guomao Corp. v. JAD Int'l Inc.*, No. 18 Civ. 2699 (JMF), 2019 WL 1227875, at

*1 n.1 (S.D.N.Y. Mar. 15, 2019) ("subject matter jurisdiction is a threshold issue and, in the absence of subject-matter jurisdiction, the Court has no power to compel arbitration"). To resolve this question, the Court believes that jurisdictional discovery is necessary, as it appears that the evidence solely in the possession of Defendants may be relevant to Plaintiff's ability to respond to Defendants' motion and potentially establish standing. "District courts have broad discretion to decide whether to allow jurisdictional discovery and, if so, to what extent." *In re MS Angeln GmbH & Co KG*, No. 10 Civ. 4820 (GBD), 2012 WL 1080300, at *7 (S.D.N.Y. Mar. 29, 2012) (citing first *Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009); and then citing *Lehigh Valley Inds., Inc. v. Birenbaum*, 527 F.2d 87, 93 (2d Cir. 1975)). Moreover, "a court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 149 (2d Cir. 2011) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

By October 13, 2023, the parties may conduct limited discovery into the following issues: 1) the contents of any information belonging to Plaintiff that Defendants may have taken or retained after Defendants' employment with Plaintiff (or any of its subsidiaries) ceased; 2) the identity of any clients or potential clients of Plaintiff that Defendant may have taken or solicited after Defendants' employment with Plaintiff (or any of its subsidiaries) ceased; and 3) Defendants' current business activities. To the extent Plaintiff believes it requires information relevant to any other issue in order to contest Defendants' motion to dismiss, Plaintiff may request an expansion of these discovery parameters. The parties shall file a status letter by September 13, 2023 informing the Court of the status of discovery.

Because this discovery will likely alter the parties' briefing on the issue of standing to a significant degree, the Court denies the currently pending motion without prejudice. Defendants

may refile their motion at the close of jurisdictional discovery. The Court will set a new briefing schedule for that motion upon receipt of the parties' September 13, 2023 status letter. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 28.

    SO ORDERED.

Dated: July 13, 2023
       New York, New York

                                              JOHN P. CRONAN
                                      United States District Judge