UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :
MARSH & MCLENNAN AGENCY LLC,      :
                                                    :
                 Plaintiff,      :
                                                    :
             -v-      :    22 Civ. 8920 (JPC)
                                                    :
DONALD DRENNAN WILLIAMS, JR. *et al.*,      :    ORDER
                                                     :
                 Defendants.      :
                                                     :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On March 18, 2024, Defendants moved, *inter alia*, to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff Marsh & McLennan Agency, LLC ("MMA") lacks standing to pursue any of its claims. Dkts. 58, 59. MMA opposed the motion on April 17. Dkt. 65. In their reply brief, Defendants state that "MMA's bare assertion of a [breach of contract], divorced from any concrete showing of harm to MMA, does not satisfy the injury-in-fact requirement of Article III." Dkt. 69 at 4 (citing *Dinerstein v. Google, LLC*, 73 F.4th 502 (7th Cir. 2023), and *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23 Civ. 7331 (LJL), 2024 WL 1724592, at *19 (S.D.N.Y. Apr. 19, 2024)). Defendants further argue that, "[e]ven if the Court were to determine that a pure breach of contract without harm is sufficient for standing after *Spokeo*[*, Inc. v. Robins*, 578 U.S. 330, 338 (2016)], MMA cannot establish even a pure breach of [contract]" for multiple reasons. *Id.*

The Court hereby orders that, by January 17, 2025, the parties shall each file simultaneous supplemental letter briefs, not to exceed 3,500 words, addressing the following:

1. Whether the Court could award nominal damages to MMA when it has sought actual, but not nominal, damages in its Complaint. *See* Dkt. 1 at 24-26; *see also, e.g.*, *OL USA*

*LLC v. Maersk A/S*, 730 F. Supp. 3d 66, 72 n.5 (S.D.N.Y. 2024) ("A complaint need not include a prayer for nominal damages to preserve such a claim.").

2. Whether the breach of a contract to which MMA is a party, standing alone, is an injury in fact sufficient to support MMA's standing. *See e.g.*, *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 451 (5th Cir. 2022); *Eletson Holdings*, 2024 WL 1724592, at *1; *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16 Civ. 740 (JMF), 2022 WL 3018104, at *3 (S.D.N.Y. July 29, 2022); *Culwick v. Wood*, 384 F. Supp. 3d 328, 337-39 (E.D.N.Y. 2019); *Attias v. CareFirst, Inc.*, 346 F.R.D. 1, 7-11 (D.D.C. 2024). *But see Dinerstein*, 73 F.4th at 518-22.

3. Whether Defendants' arguments that MMA cannot establish a breach of contract go to MMA's standing to sue or to the merits of its claims. *See, e.g.*, *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020) ("Whether the elements of breach of contract . . . are satisfied, th[e Supreme] Court has said, goes to the merits, not to a court's power to resolve the controversy.").

SO ORDERED.

Dated: December 30, 2024
New York, New York

                                  JOHN P. CRONAN
                            United States District Judge